IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Clarence Huell, | ) | C/A No.: 1:11-2089-TMC-SVH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMEDATION |
| Dr. Walter E. Smith, MD, | ) | |
| Defendant. | ) | |

Plaintiff Clarence Huell ("Plaintiff"), proceeding *pro se* and in forma pauperis, brought this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights while incarcerated at the Lieber Correctional Institution. This matter is before the court on defendant Dr. Walter E. Smith's ("Defendant") motion for judgment on the pleadings or, in the alternative, for summary judgment. [Entry #25]. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). Because the motion is dispositive, this Report and Recommendation is entered for review by the district judge.

I.   Factual and Procedural Background

Plaintiff claims Defendant prescribed him Naproxen on December 14, 2005, despite knowing that Plaintiff was allergic to the medication. [Entry #1 at 3]. He contends the medication caused irritation inside his stomach, internal bleeding, and a dizzy spell requiring hospitalization on February 2, 2006. [Entry #31 at 2]. Plaintiff alleges the record of the treating physician at the hospital states the medication prescribed by Defendant caused Plaintiff's ailments. *Id.* He asserts claims of medical malpractice

and deliberate indifference and seeks $10,000,000 in compensatory damages for his alleged pain and suffering. [Entry #1 at 2–3, 5]. He also seeks punitive damages, costs, and attorney's fees. *Id.* at 5.

Plaintiff claims to have filed a complaint in state court on March 27, 2008 alleging medical malpractice against Jon Ozmint as the Director of the South Carolina Department of Corrections. [Entry #31 at 3; Entry #31-4 at 11]. The summons was date-stamped by the court on April 9, 2008. *Id.* at 6. Mr. Ozmint was dismissed and Defendant was substituted as the named defendant on July 16, 2009. *Id.* at 11. The state court dismissed Plaintiff's action without prejudice on September 1, 2010 for failure to serve Defendant within 120 days of filing the summons and complaint and because the statute of limitations had run on Plaintiff's medical malpractice claim. *Id.* at 9. Plaintiff filed the instant action on August 10, 2011. [Entry #1].

Defendant filed his motion for judgment on the pleadings/motion for summary judgment on December 28, 2011. [Entry #25]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment procedures and the possible consequences if he failed to respond adequately to Defendant's motion. [Entry #26]. Plaintiff filed a timely response in opposition to Defendant's motion on February 2, 2012. [Entry #31]. Defendant's deadline to file a reply has passed. Having carefully considered the parties' submissions and the record in this case, the court recommends granting Defendant's motion.

II.   Discussion

   A.   Standard of Review

Defendant filed a motion for judgment on the pleadings/motion for summary judgment, which has been fully briefed. As both parties submitted matters outside of the pleadings, the motion is being treated as one for summary judgment.

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; " or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are

irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

  B. Analysis

Liberally construed, Plaintiff's complaint raises a state law medical malpractice claim and a deliberate indifference claim pursuant to 42 U.S.C. § 1983. Defendant argues Plaintiff's claims are barred by the statute of limitations and by his failure to follow South Carolina's statutory requirements for bringing a medical malpractice action. [Entry #25-2 at 1–2].

The applicable statute of limitations for a § 1983 claim arising in South Carolina is three years. *See Owens v. Okure*, 488 U.S. 235, 239 (1989); S.C. Code Ann. § 15–3–530(5). The limitations period for a medical malpractice action under South Carolina law is likewise three years. *See* S.C. Code Ann. § 15–3–545(A). Under the discovery rule, the statute of limitations begins to run from the date the injured party either knows or should know, by the exercise of reasonable diligence, that a cause of action exists for the wrongful conduct. *See Epstein v. Brown*, 610 S.E.2d 816, 376 (S.C. 2005); S.C. Code Ann. § 15-3-535(A). Plaintiff alleges the treatment forming the basis of his claims occurred on December 14, 2005. [Entry #31 at 2]. Plaintiff further alleges that on

February 2, 2006, a treating physician indicated in Plaintiff's records that his stomach irritation, internal bleeding, and dizziness were caused by the medication prescribed by Defendant. *Id.* Thus, the cause of Plaintiff's alleged injuries was readily discoverable by February 2, 2006 at the latest. *See Strong v. Univ. of South Carolina Sch. of Med.*, 447 S.E.2d 850 (S.C. 1994) (finding the cause of plaintiff's injury was readily discoverable as of the date the treating physician noted in plaintiff's medical records that his condition was caused by poor follow-up care). The instant action was not filed until August 10, 2011, more than two years after the running of the statute of limitations. [Entry #1].

In response to Defendant's motion, Plaintiff appears to argue that the statute of limitations should not preclude this case because he previously filed a lawsuit in state court relating to the same alleged wrongful conduct. Plaintiff cites no legal support for this proposition, which is contrary to the well-settled general rule that when an action is dismissed without prejudice, the statute of limitations will bar a subsequent suit if the statute runs in the interim. *Rink v. Richland Mem'l Hosp.*, 422 S.E.2d 747, 749 (S.C. 1992); (*see also* Entry #31-4 at 9) (showing the state court dismissed Plaintiff's case without prejudice).

Because the statute of limitations ran on Plaintiff's claims long before he filed this lawsuit, the undersigned recommends this case be dismissed.

III. Conclusion

For the foregoing reasons, it is recommended that Defendant's motion for judgment on the pleadings/motion for summary judgment [Entry #25] be granted and this case be dismissed with prejudice.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

May 30, 2012  Shiva V. Hodges
Columbia, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).