IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Clarence Huell, | ) | |
| | ) | CA No. 1:11-2089-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Dr. Walter E. Smith, MD, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Clarence Huell (Huell), a state prisoner proceeding *pro se*, filed this action against the defendant under 42 U.S. § 1983. (Dkt. No. 1.) This matter is before the court for review of the Report and Recommendation (Report) of the United States magistrate judge made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina. (Dkt. No. 39.)[1] The Report recommends granting the defendant's motion for summary judgment. (Dkt. No. 25.) The court adopts the Report and grants the motions for summary judgment.

The Report sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the magistrate judge's Report. Briefly, Huell is, and was at the time of the alleged incident, incarcerated at Lieber Correctional Institution (Lieber). He alleges that on December 14, 2005, the defendant, an independent contractor physician for Lieber, prescribed a medication to him knowing that he is allergic to that medication.[2] Huell alleges he suffered severe

---

[1] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[2] Heull also alleges that he became aware that his medical condition was a result of taking the aforementioned medication on February 2, 2006.

medical consequences as a result. Huell filed a complaint in state circuit court in March or April 2008[3] against the then-Director of the South Carolina Department of Corrections. The defendant was substituted as named defendant on July 16, 2009. On September 1, 2010, the circuit court dismissed Huell's complaint for failure to serve the complaint within 120 days in accordance with Rule 3 of the South Carolina Rules of Civil Procedure (SCRCP).[4] Huell subsequently filed this action on August 10, 2011. (Dkt. No. 1.) In his complaint, Huell asserts claims for medical malpractice under South Carolina law and deliberate indifference under § 1983. He seeks $10,000,000 in damages, along with punitive damages, costs, and attorney's fees. On December 28, 2011, the defendant filed a motion for judgment on the pleadings/in the alternative for summary judgment, arguing that the statute of limitations had run on Huell's claims. (Dkt. No. 25.)

The magistrate judge entered the Report on May 30, 2012. (Dkt. No. 39.) In the Report, the magistrate judge recommended granting the defendant's motion summary judgment because the statute of limitations had run on both his state law and § 1983 claims. Huell timely filed objections. (Dkt. No. 41.) In his objections, Huell argues that because he filed his state court lawsuit on March 27, 2008 (less than three years after either December 2005 or February 2006), the statute of limitations is no bar to his claims. The court finds this argument unpersuasive.

As stated by the magistrate judge, the statute of limitations for either a medical malpractice claim or a § 1983 claim arising in South Carolina is three years. S.C. Code Ann. § 15-3-545(A) (medical malpractice); *id*. § 15-3-530(5) (personal injury, as applied to § 1983 actions); *see also Owens v. Okure*, 488 U.S. 235, 239 (1989) (outlining how to apply a state statute of limitations in

---

[3] Huell claims he filed his state court suit on March 27, 2008, but the summons was date-stamped by the court on April 9, 2008. Regardless, the precise date is irrelevant here.

[4] In the alternative, the circuit court held that dismissal under Rule 3, SCRCP, was proper for failure to serve the summons and complaint in accordance with the statute of limitations.

a § 1983 action). Utilizing the discovery rule, Huell's cause of action accrued no later than February 2, 2006. *Epstein v. Brown*, 363 S.C. 372, 610 S.E.2d 816 (2005); *Strong v. Univ. of S.C. Sch. of Med.*, 316 S.C. 189, 447 S.E.2d 850 (1994). Utilizing that date, Huell would have had to file his claim in this court no later than February 2, 2009. Huell did not file this action until August 10, 2011, which is more than two years beyond the expiration of the statute of limitations. Huell further argues, without supporting authority, that the filing of his suit in state court should somehow preserve his rights in this court. Of course, as noted by the magistrate judge, "It is well settled in South Carolina that when an action is dismissed without prejudice, the statute of limitations will bar a subsequent suit if the statute runs in the interim." *Rink v. Richland Mem'l Hosp.*, 310 S.C. 193, 197, 422 S.E.2d 747, 749 (1992) (citing *Davis v. Lunceford*, 287 S.C. 242, 335 S.E.2d 798 (1985)). Accordingly, the court holds that Huell's claims are barred by the statute of limitations.

After a thorough review of the Report and the record in this case, the court adopts the Report and incorporates it herein. (Dkt. No. 39.) It is therefore **ORDERED** that the defendants' motion for summary judgment (Dkt. No. 25) is **GRANTED**. The plaintiff's case is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

s/Timothy M. Cain
Timothy M. Cain
United States District Judge

Greenville, South Carolina
August 1, 2012

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.